**CONWOOD CORPORATION by change of name from Hot Shot Quality Products, Inc., Appellant,**

v.

**The J. B. WILLIAMS COMPANY, INC., Appellee.**

Patent Appeal No. 8929.

United States Court of Customs and Patent Appeals.

March 29, 1973.

Lewis S. Garner, Washington, D. C., attorney of record, for appellant.

Edward G. Fenwick, Jr. (Mason, Fenwick & Lawrence), Washington, D. C., attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition to the registration of the mark HOT SHOT by appellee, J. B. Williams Co., for shave cream.[2] The opposition was based on the use and registration [3] of the mark HOT SHOT for a liquid insecticide. The sole issue is whether the use of the mark on the respective products of the parties would be likely to cause confusion, mistake or deception.

The board adequately described and dealt with appellant's main contention as follows:

> Opposer contends that the products of the parties are well-known household products which are normally advertised, displayed and sold in the same type stores; that the products of the parties "are normally often sold in containers of similar shape and size, often of the aerosol type"; that "the public well knows that companies that market household articles like insecticides, and companies that market toilet articles like shaving cream are the type of company that usually puts out a wide variety of differing household consumer goods"; and that "consumers are aware that diversified companies sometimes use the same trademark for the different items in their line".

> Applicant points out that opposer has not taken any testimony and that opposer's assumptions have not been established.

> There can be little doubt that the products of the parties would be avail-

1. Abstracted at 168 USPQ 122 (1970).

2. Application Serial No. 290,793, filed February 9, 1968.

3. Registration No. 619,268, issued January 17, 1956.

able for sale to the general public, and it appears from some of the advertisements that shaving cream and insecticides are advertised for sale by a single entity. The opposer's affidavit indicates that shaving cream and an insecticide were purchased in a single store. The other assumptions made by opposer concerning knowledge by consumers of marketing practices of companies are without foundation in the record and do not constitute matters of which judicial notice may be taken.

Opposer has shown that the same company puts out an insecticide and a shaving cream but under entirely different trademarks. If any assumptions can be made on the basis of the proofs presented, then the obvious assumption is that albeit a manufacturer may well be the source of insecticides and shaving cream, such goods are ordinarily sold under different trademarks and that the public is aware of such practice.

The last quoted parargraph refers to an affidavit by appellant's attorney that he purchased AERO SHAVE shaving cream and BLACK FLAG insecticide in the same drugstore. The board also found HOT SHOT to be suggestive, stating that it is "a slang term, connoting a skilled performer; a highly skilled, fast working or showy person."

Appellant cites Eastern Industries, Inc. v. Waterous Co., 289 F.2d 952, 954, 49 CCPA 701, 703 (1961), as support for the contention that we can take judicial notice that "many companies put out a wide variety of products, often under the same trademark." Accepting that broad proposition for the sake of argument, it does not convince us of reversible error in the decision below. Considering the differences in the products and the somewhat laudatory nature of the mark, we are of the opinion that one familiar with HOT SHOT insecticide would not be likely to attribute HOT SHOT shaving cream to the same manufacturer.

The decision of the board is affirmed.

Affirmed.

